PUENTE ET AL. *v.* PUENTE ET AL.

APPEAL from the District Court of Ponce.

Nos. 381-382.—Decided June 18, 1910.

NATURAL CHILD—HOW STATUS OF ACKNOWLEDGED NATURAL CHILD MUST BE SHOWN—CERTIFICATE OF BAPTISM.—The status of natural children must be founded upon the voluntary acknowledgment of the father and legally proved, or, in case of his failure or refusal so to do, it must appear from a judgment so declaring, a mere certificate of baptism not being sufficient to prove it.

ID.—SPANISH CIVIL CODE.—In accordance with the provisions of section 131 of the Spanish Civil Code for the year 1888, extended to Porto Rico in 1889, where a natural child has been acknowledged in a certificate of birth, will, or any other public instrument, it is unnecessary for him to resort to the courts, because his status is clearly established.

ID.—REVISED CIVIL CODE—CASES IN WHICH FATHER IS BOUND TO ACKNOWLEDGE NATURAL CHILD—ACTION TO OBTAIN SUCH ACKNOWLEDGMENT.—The Revised Civil Code provides that an illegitimate child may be acknowledged either by his father and mother jointly or by one of them alone, and section 189 states the cases in which the father is bound to acknowledge his child, and there is no doubt that in such cases, where a father fails or refuses to acknowledge his child in a solemn form, the child, if he desires to show his status in due form, must bring an action for that purpose in a competent court, within the time provided for by law.

ID.—ACT ESTABLISHING SPECIAL LEGAL PROCEEDINGS.—Only where a natural child has been voluntarily and solemnly acknowledged by his father, or has secured a final judgment acknowledging him as such, may he avail himself of the provisions of the Law of Special Legal Proceedings to secure the declaration of heirship in his favor in intestate proceedings.

The facts are stated in the opinion.

*Messrs. Tord, Toro & Canals,* and *Domingo Sepúlveda* for appellants.

*Messrs. H. P. Leake* and *W. V. Robbins* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Justo, Martín and María Puente y Armsterdam made application to the District Court of Ponce under the procedure established in the act relating to special legal proceedings, approved March 9, 1905, praying that they be declared the heirs of their father, Lázaro Puente y Compostizo, who died intestate in Ponce on February 20, 1908.

This petition was opposed by Maximino, Lino, Juliana and Facunda Puente y Compostizo, and Félix, Visitación, Daniel, Esperanza and María Puente y Solana, who alleged that they were the nearest relatives of Lázaro, and also Antonia Rodríguez, who alleged that she was an acknowledged natural daughter of Lázaro.

The district court rendered judgment on January 8, 1909, the adjudging portion of which reads as follows:

"Therefore overruling the objections referred to us as they are overruled, the only and universal heirs of the deceased Lázaro Puente y Compostizo, are and should be declared to be in equal parts his acknowledged natural children, Justo, Martín and María Juana Puente y Armsterdam, this decision being subject to annulment if the Supreme Court of Porto Rico reverses the judgment rendered in favor of these interested parties, as to acknowledgment or filiation; the claims of the brothers, Puente y Compostizo and Puente y Solana, are rejected; and they are granted permission to renew their petition in due time; and the petition of Antonia Rodríguez is also dismissed, her right being reserved to bring an ordinary action to determine her civil status, if she should deem it advisable, and no special taxation of costs is made."

While the evidence was being heard the appellant, Antonia Rodríguez, offered the testimony of witnesses to prove the following facts: That Antonia Rodríguez (the petitioner), is an acknowledged natural daughter of Lázaro Puente y Compostizo; that at the time of her birth Lázaro Puente y Compostizo was living in amorous relations with María Antonia Rodríguez, the mother of the petitioner, An-

tonia Rodríguez; that Lázaro Puente took charge of the education and support of the petitioner and that ever since her birth and up to the time of his death he had always treated her in public and in private as a daughter. In this proceeding the court refused to admit the testimony of the witnesses offered, holding that the rights of Antonia Rodríguez must be enforced in an ordinary action in which the defendants would be the petitioners, Justo Puente Armsterdam *et al.,* and the opponents, Pedro Puente y Solana *et al.* The attorney for the petitioner, Antonia Rodríguez, took exception to the ruling of the court, for the following reasons: Because the proceeding for the declaration of heirs provided for in sections 19 and 20 of Chapter III of the act relating to special legal proceedings, approved March 9, 1905, is the adequate proceeding for the declaration of heirs applied for by the petitioner, Antonia Rodríguez. (P. 98 and 99 of the transcript.)

In our judgment the trial court did not commit the error alleged.

In order for the appellant, in this case, to have successfully alleged her condition of an acknowledged natural daughter, and make opposition as such, and as such be declared an heir, it was necessary that her acknowledgment should be clearly shown to have been made by the father in a voluntary and formal manner, or that if she had the right to be acknowledged under the law and the father failed to make the formal acknowledgment or declined to do so, that she had obtained a final judgment in her favor from a court of competent jurisdiction and under the proper "contentious" proceeding.

"The condition of a natural child must necessarily be based on the acknowledgment by the father, voluntarily and legally established, or in the event of failure or refusal, in a formal final judgment to that effect." (Decision of the Supreme Court of Spain of April 16, 1864.)

"The filiation of natural children must necessarily be shown by the acknowledgment of their parents or by the formal declaration of a final decision, a mere certificate of baptism not being sufficient to establish it." (Decision of the Supreme Court of Spain of June 28, 1864.)

Article 131 of the Spanish Civil Code, which was extended to Porto Rico in 1889, provides that the acknowledgment of a natural child shall be made in the record of birth, by will, or by any other public instrument. When the acknowledgment has been made by the father in one of the forms prescribed, then it is not necessary to have recourse to the courts, because his status is perfectly established.

Article 135 of the Spanish Civil Code determines when the father is obliged to acknowledge a natural child, namely, when an indisputable document written by him, expressly acknowledging his paternity, is in existence, or when the child is in uninterrupted enjoyment of the status of a natural child of the defendant father, justified by direct acts of the said father or of his family. (With respect to the mother, see article 136.) And in such cases when the father does not agree to make the acknowledgment in the manner prescribed in article 131, it is necessary to have recourse to the court of competent jurisdiction and exercise an action to secure the acknowledgment, the time within which such an action must be brought being fixed by article 137 of the said Spanish Civil Code.

Our Revised Civil Code, in section 187, provides that an illegitimate child may be recognized in any way by the father and the mother conjointly, or by either of them, and section 188 provides that illegitimate children may prove their paternal and maternal descent, section 198 providing that the filiation of children is proved by the certificate of the birth issued by the civil registry, by the possession of the status of filiation, or by any other legal means.

Section 189 of said Code mentions the three cases in which a father is obliged to recognize an illegitimate child, namely: 1. Where there be an authentic statement in writing made by him expressly recognizing its paternity; 2. When publicly or privately he has shown that it is his child, or has called it as such in conversation, or looks after its education and maintenance; 3. When the mother was known to have lived in concubinage with the father during the pregnancy or birth of the child, or when the child was born while its parents were engaged to be married. If we consider this section in relation with other provisions of law which the Code contains on the subject, especially with section 199, we will reach the conclusion that in all three of these cases, when the father fails or declines to make a formal acknowledgment, it is necessary to bring an action in a court of competent jurisdiction within the time which the law provides to establish the filiation.

The procedure prescribed in the act relating to special legal proceedings, to which we have made reference, is not the proper proceeding in which to obtain a judgment holding a person to be the acknowledged natural child of another. It has been the constant practice that when a father fails or declines to make the acknowledgment, that the son must have recourse to a court of competent jurisdiction and exercise an action for filiation, to secure a judgment of the court declaring what the father failed or declined to declare. This proceeding, from its nature, is "contentious," and the parties thereto in addition to the son, are the father or his heirs and successors in interest.

Only when a natural child had been voluntarily and formally acknowledged by the father, or has obtained a judgment recognizing him as such, can recourse be had to the act relating to special legal proceedings to obtain the declaration of his heirs in cases of intestate inheritance. The proceedings prescribed by said act are brief, the terms short, and the purpose of the same is to declare who are all the

heirs of a particular person who has died intestate, when the personality of such heirs is established in an incontrovertible manner; and although it is possible that opposing claims be made, such claims generally refer to the better right of the claimants or merely to questions of law.

But, although the court did not commit the error alleged by the appellant, Antonio Rodríguez, as a matter of fact it erred in basing the acknowledgment made of the rights of the petitioners upon the judgment rendered in a different proceeding—that is to say, in the action prosecuted by *Justo Armsterdam et al.* v. *Félix Puente et al.* (16 P. R. Rep., 527), for acknowledgment—because it was not a final judgment, and an appeal had been taken therefrom to this Supreme Court.

Furthermore, yesterday this Supreme Court rendered judgment in the case of *Armsterdam* v. *Puente,* aforesaid, reversing the judgment of the District Court of Ponce, and holding that the right of the petitioners to be acknowledged the natural children of Lázaro Puente y Compostizo had prescribed when the action was brought, therefore destroying the basis on which the judgment appealed from in this case rested, and, consequently, the judgment itself.

For a fuller study of the questions involved in this matter, see the opinions of this court delivered by Mr. Chief Justice Hernández in *Gual* v. *Bonafoux* (15 P. R. Rep., 545), decided June 25, 1909, and by Mr. Justice Wolf in *Armsterdam et al.* v. *Puetne et al.* (16 P. R. Rep., 527), decided yesterday.

Judgment should be rendered to conform to this opinion.

*Accordingly denied.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.